UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

OVERTON WAYNE PAULEY,

    Movant

v.                                      CIVIL ACTION NO. 2:08-0281
                                        (Criminal No. 2:99-0048-06)

UNITED STATES OF AMERICA,

    Respondent

MEMORANDUM OPINION AND ORDER

       Pending are two documents filed by movant Overton Wayne Pauley. The documents, received on April 28, 2008, are styled as follows: (1) "Entitlement Right Notification[;]" and (2) "Presentment Under Notarial Seal."

I.

       Movant is serving a forty-year sentence of imprisonment stemming from his plea of guilty to aiding and abetting possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to his sentencing, but subsequent to his having entered the plea agreement, movant was convicted of two counts of

felony murder in state court and, at his federal sentencing, the court found that the murders committed by movant were part of the same course of conduct as the offense of conviction, or part of a common scheme or plan.

Based upon this finding, movant's base offense level was determined to be 43 pursuant to the cross-reference of U.S.S.G. § 2D1.1(d)(1) directing the application of U.S.S.G. § 2A1.1(a). Though the guideline sentence was life imprisonment, the court imposed a forty-year term, the maximum sentence permitted under 18 U.S.C. § 841(b)(1)(B). Movant's direct appeals were unsuccessful. See United States v. Pauley, 289 F.3d 254 (4th Cir. 2002) and 304 F.3d 335 (4th Cir. 2002).

On January 29, 2004, movant filed a motion pursuant to 28 U.S.C. § 2255. On June 27, 2006, the court entered its Judgment denying the motion. Pauley v. United States, No. 2:04-0081 (S.D. W. Va. Jun. 27, 2006). Movant appealed the Judgment. On March 26, 2007, the court of appeals dismissed the appeal after concluding movant was not entitled to a certificate of appealability. Pauley v. United States, No. 06-7487, slip op. at 2 (4th Cir. Mar. 26, 2007).

The movant's pending submissions, like those resolved by Judgment entered February 7, 2008, "are unconventional and difficult to decipher." Pauley v. United States, No. 2:08-0089, slip op. at 3 (S.D. W. Va. Feb. 7, 2008). Attached to the "Presentment Under Notarial Seal" is a document proposed for signature by the undersigned, along with former Assistant United States Attorneys in this district John Parr and Michael Keller. (See Present. Under Not. Seal att. at 1). Portions of several of the averments suggest movant believes he is entitled to be released.

II.

Our court of appeals has adopted a standard for determining whether a particular filing is a prohibited successive application for collateral relief:

> Our holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal

3

<u>arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence</u>.

United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (citations omitted) (emphasis supplied).

When a district court concludes that a movant is attempting to file a document that is tantamount to a successive application for collateral relief, and further that the movant has not obtained the advance permission of the court of appeals to do so, dismissal is required. See id. ("[T]he court must either dismiss the motion for lack of jurisdiction or transfer it to this court so that we may perform our gatekeeping function under [28 U.S.C.] § 2244(b)(3).").

Inasmuch as the movant's submissions appear tantamount to a successive application for collateral relief pursuant to section 2255, the court lacks subject matter jurisdiction to consider them. If the documents are more properly construed as a Rule 60(b) motion for relief from judgment, they are plainly not meritorious. The court, accordingly, concludes that movant is not entitled to any relief.

4

III.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That to the extent movant's filings are successive applications for collateral relief, they are hereby dismissed for lack of jurisdiction;

2. That to the extent movant's filings seek relief pursuant to Rule 60(b), they are denied; and

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

DATED: February 22, 2011

John T. Copenhaver, Jr.
United States District Judge