```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                            CRIMINAL ACTION NO. 2:99-00048-6

**OVERTON WAYNE PAULEY**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's <u>pro se</u> "Motion for Reduction of Sentence & Compassionate Release Pursuant to 18 USC 3582(c)(1)(A)(i( & 603-(FSA), in Conjunction with 18 USC 3553(a)(1)(2)(2)(3) & 404(b)(c) First Step Act & USSG Manual 1B1.1(A)-(C) & 944(t) Rehabilitation Sections" (ECF No. 452), filed November 19, 2020.

Also pending are (1) the defendant's <u>pro se</u> "Motion to Amend & Add An Addendum To This Pro-se Defendants November Filing For Motion For Reduction of Sentence & Compassionate Release Pursuant To 18 U.S.C. 3582(c)(1)(A)(i) & 603-604-(FSA). In Conjunction With 18 U.S.C. 3553(a)(1)(2)(3), 404(b)(c) First Step Act & USSG Manual 1B1.13(A)-(C) & 994(t) Rehabilitation, Section(s)" (ECF No. 454), filed December 17, 2020, and (2) the defendant's <u>pro se</u> "Motion for Appointment of Counsel Pursuant to 28 USC § 1915(e)(1) Regarding this Defendants Motion Pursuant

to 18 USC 3582(c)(1)(A) & 3553(a) Motion for Reduction of Sentence & Compassionate Release" (ECF No. 455), filed December 28, 2020.

## I. Background

On July 19, 1999, defendant Overton Wayne Pauley ("Pauley"), who had been charged in three counts of a ten-count superseding indictment, pled guilty to aiding and abetting the possession with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. ECF No. 162; ECF No. 163.

At sentencing, the court found that Pauley was responsible for 456.25 kg of marijuana equivalency. Judgment 8, ECF No. 289. Additionally, the court found that Pauley's offense was part of a course of conduct and common scheme or plan in which he and another individual robbed other drug dealers of methamphetamine, cocaine, and marijuana. Id. During the course of one of those robberies, Pauley murdered Christy Alberts and Leonard M. Watts. Id. at 9.[1] Accordingly, pursuant to U.S.S.G. § 2D1.1(d)(1), the court cross-referenced the first degree murder guideline and found that Pauley's Total Offense

---

[1] Subsequent to Pauley's plea, but prior to his sentencing, Pauley was convicted of two counts of felony murder in state court for the deaths of Alberts and Watts.

Level was 43.  Id.  With a Criminal History Category of I, Pauley was subject to a guideline sentence of life, however, the life sentence was reduced to a term of 40 years by virtue of the statutory maximum penalty for Pauley's offense of conviction. Id.  Accordingly, Pauley was sentenced to a prison term of 40 years to be followed by a supervised release term of 5 years. Id. at 2, 3.

Pauley was 27 years old at the time of his conviction. Id. at 1.  Now 49 years of age, Pauley is currently serving his sentence at FCI Ashland.  Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/(last visited August 18, 2022).  His estimated release date is May 15, 2033.  Id.

Pauley has a detainer on record from the West Virginia Department of Corrections for two felony murder convictions. ECF No. 452, at 67.  Consecutive to his federal sentence, Pauley is to serve two concurrent life sentences without mercy for his state convictions.

## II.   Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled

3

courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115–391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[2] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

---

[2] Pauley submits that he requested release from the warden of the prison facility. Attached to his motion is a letter from Warden Young, dated July 9, 2020, denying Pauley's requested reduction in sentence. ECF No. 452, at 55.

III.   Analysis

Pauley asserts that there are three "extraordinary and compelling" reasons that warrant compassionate release in his case: (1) his medical condition places him at high risk of severe illness or death if he contracts COVID-19, (2) he is now rehabilitated, and (3) there is a disparity between the sentence he received and the sentence he believes he would receive if sentenced today.

First, Pauley asserts that his medical conditions place him at higher risk of illness or death should he contract COVID-19.  Courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility."  United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

5

Pauley asserts that while in federal custody, he "has developed serious respiratory issues" due to "Black Mold" at FCI Estill. ECF No. 452, at 2. Pauley avers that his respiratory issues required breathing treatments and steroid inhalers, and that in 2019 he ultimately "coughed up a 'Black Mold Spore' which cause [his] lungs to [hemorrhage]." Id. at 2-3. Pauley states that he was given treatments and that his lungs stopped bleeding, but states,

> I still have what Med staff calls a 'Viral Sinus Infection' which they say will keep causing [him] to have respiratory issues & making me suseptable to contracting nuemonia @ anytime of the yr. If I dont receive proper medical treatment & med.'s, when the infection falls to my lungs.

Id. at 3, 10-11.

Pauley has attached some medical records to his motion, and while the records indicate that Pauley has a history of "[s]hortness of breath, cough, [and] abnormal chest x-ray," they also state that his "[p]neumonia symptoms resolved," and that his "[l]ungs are now clear." Id. at 60, 61.

Based upon records supplied by Pauley, the court is hesitant to conclude that Pauley currently suffers from a condition that make him particularly susceptible to COVID-19. However, even if Pauley has a medical condition that places him

6

in a higher risk category,[3] the court is unable to conclude that Pauley is at a higher risk of recontracting COVID-19 in prison than he would be if released.[4]  See High, 997 F.3d at 185. Moreover, as a practical matter, his release would only be to the state prison system to serve out his multiple life sentences.

As of August 18, 2022, the BOP reports that FCI Ashland has zero active COVID cases amongst inmates and one active case amongst staff.  See Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited August 18, 2022).

Given the low incidence of COVID-19 at FCI Ashland – particularly when compared with the marked presence of COVID-19 outside the prison system - the court simply cannot find that Pauley is more likely to recontract COVID-19 at his prison facility than he would if released.  See CDC, COVID Data

---

[3] According to the CDC, individuals with chronic lung diseases are at an elevated risk of developing severe illness after contracting COVID-19.  See Center for Disease Control, Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

[4] While not entirely clear from Pauley's motion, documents attached thereto show that Pauley has already contracted COVID-19 once.  See ECF No. 452, at 63 (indicating a positive COVID-19 test in June of 2020).

*Tracker*, https://covid.cdc.gov/covid-data-tracker/#trends_dailycases (last visited August 18, 2022).

Accordingly, the court finds that, under the circumstances, Pauley has not shown himself to be at undue risk from COVID-19.

Likewise, to the extent Pauley has attempted to assert that compassionate release is appropriate based on his medical conditions, the court finds that he has not proffered that his illnesses are so serious that he is unable to provide self-care while incarcerated. Moreover, he has failed to supply the court with evidence that the BOP has been unresponsive to his medical needs. Accordingly, the court concludes that Pauley's medical conditions are not so extraordinary and compelling as to warrant compassionate release.

Next, Pauley submits that during his time in prison he has taught himself to read and write, engaged in BOP programming, and led recreational and religious programming. *See* ECF No. 452, at 2, 11. Pauley further states that he has been "a model prisoner with nary disciplinary issues," and that he has worked his "security level down from Maximum Security to now Low Security, through positive use of [his] time & responsible conduct." *Id.* at 11–12. While the court commends Pauley for his rehabilitative efforts, it finds that they are

8

not so extraordinary and compelling as to warrant compassionate release.

Finally, Pauley asserts that compassionate release is appropriate because there is a "disparity" between the sentence he received and one he would receive today. See id. at 12. The court finds this assertion without merit. While the Fourth Circuit has held that changes in sentencing law can support compassionate release under § 3582(c)(1)(A)(i), see United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020), no such changes have been made to either statutory law or the United States Sentencing Guidelines that would suggest a lower sentence in Pauley's case.

Inasmuch as § 2D1.1(d)(1) to United States Sentencing Guidelines still provides that, where appropriate, the district court may cross reference the offense level for first degree murder, and inasmuch as the relevant statutory law permits a sentence of forty years, the court finds Pauley's sentencing disparity argument unpersuasive.

The court further finds that early release would not be consistent with the factors set forth in § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Pauley was responsible for the first degree murder of two individuals in the course of his drug dealing scheme. The court finds now that the nature and

9

circumstances of the offense, the history of the defendant, the need to protect the public from further criminal conduct, and the needs of deterrence continue to weigh in favor of incarceration.

Finally, with respect to Pauley's motion for appointment of counsel to assist with a motion for compassionate release, the court notes that he has no constitutional right to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006A(a)(2)(B), the court concludes, in view of the Pauley's failure to show his request for compassionate release would have merit, that appointment of counsel would be futile and not in the interests of justice.

IV. Conclusion

Accordingly, the court ORDERS:

1. That the defendant's pro se "Motion to Amend & Add An Addendum To This Pro-se Defendants November Filing For Motion For Reduction of Sentence & Compassionate Release Pursuant To 18 U.S.C. 3582(c)(1)(A)(i) & 603-604-(FSA). In Conjunction With 18 U.S.C. 3553(a)(1)(2)(3), 404(b)(c) First

Step Act & USSG Manual 1B1.13(A)-(C) & 994(t) Rehabilitation, Section(s)" (ECF No. 454) be, and it hereby is, granted in part.  The motion is granted to the extent it seeks to amend the defendant's November 19, 2020 motion (ECF No. 452).  The motion is otherwise denied;

   2. That the defendant's pro se "Motion for Reduction of Sentence & Compassionate Release Pursuant to 18 USC 3582(c)(1)(A)(i( & 603-(FSA), in Conjunction with 18 USC 3553(a)(1)(2)(2)(3) & 404(b)(c) First Step Act & USSG Manual 1B1.1(A)-(C) & 944(t) Rehabilitation Sections" (ECF No. 452) be, and it hereby is, denied; and

   3. That the defendant's pro se "Motion for Appointment of Counsel Pursuant to 28 USC § 1915(e)(1) Regarding this Defendants Motion Pursuant to 18 USC 3582(c)(1)(A) & 3553(a) Motion for Reduction of Sentence & Compassionate Release" (ECF No. 455) be, and it hereby is, denied.

   The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

        ENTER: August 19, 2022

        _____
        John T. Copenhaver, Jr.
        Senior United States District Judge