**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:99-cr-00048-6

OVERTON WAYNE PAULEY,

Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion to Reduce or Modify Sentence for Retroactive Concurrent Designation and Credit for Time Served* (Document 457). Therein, the Defendant requests this Court to modify his sentence to run concurrently with his state sentence, requests this Court to recommend or order a retroactive concurrent designation pursuant to 18 U.S.C. § 3621(b), and requests verification and adjustment of prior custody credit.

On July 19, 1999, the Defendant pled guilty to Count Eight of the ten-count Superseding Indictment, which charged him with aiding and abetting possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1). He received a sentence of 40 years imprisonment and 5 years of supervised release on April 27, 2000, and began serving his sentence on that date. In addition, the Defendant was also convicted in the Circuit Court of Kanawha County, West Virginia, of two counts of felony murder, which occurred during the same course of conduct as his federal offense, and was subsequently sentenced on April 28, 2000.

The Court finds that the Defendant's motion should be denied. The Defendant has failed to provide any justification for why this Court should modify his sentence to run concurrently with his state sentence. To the extent the Defendant requests a retroactive concurrent designation, it is inapplicable to the Defendant's circumstances given that he is currently under federal custody and has not yet served or begun serving his state sentence.[1] *See United States v. Stewart*, No. 3:91CR89-02, 2009 WL 692192, at *8 (N.D. W. Va. Mar. 13, 2009) (concluding that the Bureau of Prisons was not required to consider an inmate's request for a *nunc pro tunc* designation because his "federal sentence was imposed and served prior to the state sentence"); *see also Richmond v. Barnes*, No. 6:19-3575-DCC-KFM, 2020 WL 8970632, at *5 (D. S.C. Oct. 14, 2020) ("A *nunc pro tunc* designation is a method whereby the BOP retroactively designates a state facility as the official place of imprisonment for a prisoner who has served or is serving time in state custody, thereby running the state and federal sentences concurrently.") (citing *Jefferson v. Berkebile*, 688 F.Supp.2d 474, 487 (S.D. W. Va. 2010)).

Lastly, to the extent the Defendant requests this Court to order the Bureau of Prisons to give him credit for time he made state appearances, the Court lacks authority to issue such an order. *See Major v. Apker*, 576 Fed.App'x 284, 288 (4th Cir. 2014) (explaining "that a district court has no power to give credit for time served and that that authority rests solely with the BOP").

[1] Even if the Defendant did previously serve a state sentence, this Court is without authority to order the Bureau of Prisons to issue a retroactive concurrent designation given that such decisions are within the Bureau of Prisons' discretion. *See Trowell v. Beeler*, 135 Fed.App'x 590, 593 (4th Cir. 2005) (explaining that 18 U.S.C. § 3621(b) "properly grants BOP the authority to exercise sound discretion in designating particular facilities"); *see also Lewis v. Warden FCC Beaumont*, 819 Fed.App'x 211, 213 (5th Cir. 2020) ("Where a federal sentence was imposed before a state sentence, the BOP *may* indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence.") (quoting *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)) (emphasis added); *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990) (finding that determining whether to grant "a *nunc pro tunc* designation of the state prison as a place of federal confinement. . . is a matter within the Bureau's sound discretion").

Moreover, it is likely that the Defendant previously received credit for such appearances since federal custody was not relinquished merely through his appearances before state court. *See United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (explaining that in the § 3585 context, "the sending jurisdiction. . . does not relinquish its custodial authority over the prisoner when the prisoner is sent to the receiving jurisdiction pursuant to a writ of habeas corpus *ad prosequendum*").

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Reduce or Modify Sentence for Retroactive Concurrent Designation and Credit for Time Served* (Document 457) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 1, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA